Filed 2/27/13  Alice L. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALICE L.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>Respondent;<br><br>MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>Real Party in Interest. | F066251<br><br>(Super. Ct. No. JP000605)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  John D. Kirihara, Judge.

William A. Davis, for Petitioner.

No appearance for Respondent.

James N. Fincher, County Counsel, and Sheri Lynn Damon, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Poochigian, J. and Peña, J.

Alice L. seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from the juvenile court's orders denying her reunification services at a contested dispositional hearing (Welf. & Inst. Code, § 358)[1] and setting a section 366.26 hearing as to her 10-month-old son, Anthony. She contends the juvenile court's order denying her reunification services under section 361.5, subdivision (b)(2) is error because there was insufficient evidence that she suffers from a mental disability as required by the statute. We disagree and deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

Alice is a teenage mother with a history of developmental, emotional and behavioral problems. In October 2011, then 14-year-old Alice was pregnant with Anthony, the subject of this writ petition, and a resident of Promesa Behavioral Health (Promesa), a level 12 group home specializing in caring for young mothers and their young children. In anticipation of Anthony's birth, the Merced County Human Services Agency (agency) referred Alice to psychologist Carol Johnson-Schroetlin to ascertain her diagnosis, level of cognitive and social functioning, and ability to care for her child.

Dr. Schroetlin conducted a complete psychological evaluation and diagnosed Alice as having post-traumatic stress disorder, major depressive disorder (moderate severity) and borderline intellectual functioning. Dr. Schroetlin opined that Alice does not have the skills or ability to transition from foster care/residential treatment to independent living and that, even with extensive services, she would continue to depend on others to provide her the support and stability needed to care for herself. Dr. Schroetlin also opined that Alice lacked the capacity to safely and adequately care for a small child.

In May 2012, the staff at Promesa observed several incidents that seemed to confirm Dr. Schroetlin's opinion. On one occasion, Alice left 22-day-old Anthony

---

**1** All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

unattended with a bottle propped in his mouth. When redirected by the staff to care for Anthony, Alice refused and sat on her bed eating. On another occasion, Alice was observed aggressively grabbing Anthony's legs stating, "He won't be still." She also yelled at him and threw a bottle at the wall after becoming upset and frustrated with him during a feeding. She also forgot to support his head while holding him. When these incidents occurred, the staff had to remove Anthony from Alice and attend to his needs.

In June 2012, the agency took then six-week-old Anthony into protective custody after Alice yanked his arms and yelled at him, saying "Why are you crying, there's nothing wrong with you." The agency also filed a dependency petition on Anthony's behalf under section 300, subdivisions (a) (serious physical harm) and (b) (failure to protect) and declared the whereabouts of his father unknown. The agency attached Dr. Schroetlin's psychological evaluation to the petition.

The juvenile court ordered Anthony detained and the agency placed him in foster care. In July 2012, the juvenile court ordered Alice to undergo a second psychological evaluation.

In August 2012, Alice was evaluated by psychologist Michael B. Jones. Dr. Jones diagnosed Alice with a mood disorder, post-traumatic stress disorder, disruptive behavioral disorder and borderline intellectual functioning. With respect to the latter, he stated that Alice functioned intellectually at the level of an 11-year-old and that her full scale intelligence quotient (IQ) was one point too high to warrant a diagnosis of mental retardation. Based on her diagnoses, Dr. Jones concluded that Alice suffers from a mental disability that places Anthony at risk of neglect and situational physical abuse. He further concluded that Alice's mental disability rendered her incapable of utilizing reunification services "at all."

In its dispositional report, the agency recommended that the juvenile court deny Alice reunification services under section 361.5, subdivision (b)(2) because of her mental disability. Alice challenged the department's recommendation and a contested

3

jurisdictional/dispositional hearing (combined hearing) was conducted in November 2012.

Alice testified at the combined hearing that she had learned to properly hold, feed and diaper Anthony and learned ways to cope with her anger. Social worker Darrah Wilson testified that she observed Alice interact with Anthony weekly for an hour since May 2012 and that Alice was able to meet all of Anthony's needs during that hour. She said there had not been any emergency situations requiring her to intervene but that she had intervened to prevent emergencies. She gave the example of intervening to remind Alice to support Anthony's head but said that occurred in June 2012. She further testified that, though Alice could tend to all of Anthony's needs during her hour-long visit, she required consistent supervision to do so.

Following argument, the juvenile court denied Alice reunification services as recommended and set a section 366.26 hearing. This petition ensued.

**DISCUSSION**

The juvenile court may deny a parent reunification services under section 361.5, subdivision (b)(2), if it finds by clear and convincing evidence that the parent suffers "from a mental disability that is described in Chapter 2 (commencing with Section 7820) of Part 4 of Division 12 of the Family Code and that renders him or her incapable of utilizing those services." (§ 361.5, subd. (b)(2).) Family Code section 7827, subdivision (a) defines the "mentally disabled" parent as one suffering a mental incapacity or mental disorder that renders the parent unable to adequately care for and control the child. A finding of mental disability must be supported by the opinion of two mental health experts who meet the qualifications set forth in Family Code section 7827, subdivision (c).

On a challenge to the juvenile court's order denying reunification services, we employ the substantial evidence test, bearing in mind that clear and convincing evidence

4

requires a heightened burden of proof. (*In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.)

Alice contends there was insufficient evidence that she suffers from a mental disability because her overall intellectual functioning was in the borderline range of intelligence (i.e., full scale IQ of 71) and because she was not diagnosed with an "Axis I psychosis related mental health diagnosis as that is defined in the DSM."[2] (Writ petition at p. 3.) Alice fails to show, however, that "mental disability" as defined in the Family Code requires any particular mental health diagnosis or that an IQ of 71 means that she does not suffer from a mental disability. In other words, she misconstrues the statute, which merely requires the opinions of two qualified mental health experts that the parent suffers a mental disorder that renders the parent unable to adequately care for and control the child. In this case, the juvenile court had before it two such expert opinions.

Dr. Jones was specifically asked to determine whether Alice suffered from a mental disability under Family Code section 7827, subdivision (a). He determined that she had at least three disorders, which he explained in useful detail. He diagnosed her with a mood disorder (not otherwise specified) based on her "significant problems with impulsivity, anger control and general mood regulation …." He also diagnosed her with disruptive behavioral disorder (not otherwise specified) because of her history of behavior problems such as stealing, hoarding and aggression. In addition, he diagnosed her with post-traumatic stress disorder. He also determined that Alice could not take care of herself much less a child and that her lack of parenting skills and knowledge of child development and poor impulse control would place Anthony at risk of neglect and situational child abuse.

Dr. Schroetlin also determined that Alice had a mental disability, though she was not asked that specific question and did not use the term "mental disability."

---

[2] "DSM" refers to the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association.

Nevertheless, her opinion qualifies because she diagnosed Alice as having two mental health disorders, post-traumatic stress disorder and major depressive disorder, and concluded that Alice lacked the capacity to safely and adequately care for a small child.

Thus, based on the record before us, we conclude substantial evidence supports the juvenile court's order denying Alice reunification services under section 361.5, subdivision (b)(2). Accordingly, we deny the petition.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.